United States District Court
Southern District of Texas
FILED

MAR 04 1998

Michael N. Milby, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| JOE HAND PROMOTIONS,<br>                    PLAINTIFF | §<br>§<br>§ |
| VS | §<br>§ |
| SONNY TORRES, INDIVIDUALLY, AND<br>ANITA TORRES INDIVIDUALLY AND DBA<br>LAS CHACAS; ESMERALDA SAUCEDO<br>DODSON, INDIVIDUALLY AND DBA CATS<br>NITE CLUB; ROBERT DALTON,<br>INDIVIDUALLY AND DBA DALTON'S<br>HIDEOUT BAR; MIZSU, INC., MARGARET<br>SUE WEBB, INDIVIDUALLY AND DBA<br>CRAWDADDY'S; LUIS LONGORIA, JR.,<br>INDIVIDUALLY AND DBA LONGORIA'S<br>PLACE; JOSEPH L. FARAH,<br>INDIVIDUALLY, AND DBA FARAH'S;<br>                    DEFENDANTS | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

CIVIL ACTION NO. <u>C-97-493</u>

<u>**DEFENDANTS, JOSEPH L. FARAH, INDIVIDUALLY AND DBA
FARAH'S' MOTION FOR SUMMARY JUDGMENT**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Defendants, Joseph L. Farah, Individually, and dba Farah's (as sued herein, but not properly sued as more particularly set forth in Defendants' First Original Answer), and files this its Motion for Summary Judgment based upon: (1) the statute of limitations as set forth in <u>28 U.S.C.§1658</u> pursuant to <u>Public Law 101-650</u>, and (2) factual information and data showing impossibility of violation as alleged due to lack of coaxial cable television network existence at place of alleged violation.

## I. STATUTE OF LIMITATIONS

Defendants would show unto the Court that, as more particularly set forth in Defendant's "Seventh Defense" , paragraph

ORIGINAL

40.

(7), page (4) of Defendants First Original Answer, that pursuant to 28 U.S.C.§1658 "Time limitations on commencement of civil action arising under Acts of Congress", that the events alleged in Plaintiff's complaint, paragraph (12), page (3), Count (1), allege violations occurred on November 13, 1992. These Defendants would show that such date is more than four (4) years prior to the filing of this cause of action which was filed with the United States District Court, Southern District of Texas, Corpus Christi Division, with Micheal N. Milby, Clerk thereof, on September 8, 1997, and such date is more than four (4) years from November 13, 1992 and is therefore, barred by 28 U.S.C.§1658 which clearly states that a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than four (4) years after the cause of action accrues. §1658 of 28 U.S.C. was effective and enacted December 1, 1990 under Public Law 101-650, Title III, §313(a).

Your Defendants would further show unto the Court that Plaintiff's cause of action is pursuant to 47 U.S.C.§553 and 47 U.S.C.§605 exclusively as far as substantive law is concerned. The only other provisions of federal law under which this cause of action or complaint is filed is 28 U.S.C.§1331 which deals with the jurisdiction of this Court and not the substantive grounds for litigation. Defendants would show unto the Court that 47 U.S.C.§553 "Unauthorized reception of cable service", although originally enacted prior to December 1, 1990 (which is the effective date of 28 U.S.C.§1658 which applies to all statutes or

2

amendments thereto after December 1, 1990) and therefore, since numerous provisions of 47 U.S.C.§553 and under which this cause of action was brought were amended by numerous statutory amendments including but not limited to, Act October 5, 1992 (effective (6) days from the date of enactment), as provided by §28 of such Act which appears at 47 U.S.C.§325 as well as §§(b) which was amended October 5, 1992 by Public Law 102-385 §21, 106 Stat. 1498), and such amendment would therefore affect the entire cause of action filed under 47 U.S.C.§553 because pursuant to 28 U.S.C.§1658, it would apply to any amendments that were passed after December 1, 1990.

In addition to the above and foregoing, Plaintiff's cause of action is brought pursuant to 47 U.S.C.§605 which, although originally enacted prior to December 1, 1990, has been repeatedly amended since such date (the effective date of 28 U.S.C §1658 and therefore, the provisions of 28 U.S.C.§1658 would apply due to the following: §605(e)(3)(A) was amended which is basis for this private cause of action and therefore, this section is amended by Public Law 103-414(1994) after December 1, 1990, and further, pursuant to §605(g) and (h), these sections were also amended by Public Law 103-414 effective December 31, 1994, and further, that there were amendments to §(f) and (g) effective December 31, 1994 pursuant to Public Law 103-667.

Therefore, since statutory provisions under which this cause of action was filed were clearly amended subsequent to December 1, 1990, and they are the basis for which this cause of action is

3

CAMPDF - www.fastio.com

filed, the provisions of the statute of limitations as set forth in 28 U.S.C.§1658 therefore apply and this cause of action is barred by the affirmative defense of limitation of actions as hereinafter set forth more particularly by affidavit and hereinabove set forth in particulars as to law.

**II. DEFENDANTS' IMPOSSIBILITY OF VIOLATION
ON FACTUAL BASIS**

Your Defendants would show unto the Court that it is alleged in paragraph (16), Count (1), of Plaintiff's First Original Petition, "...at the time of its transmission by intercepting the wire communciations distributed through a coaxial cable network." Your Defendants would show unto the Court that there is an impossibility of this violation on behalf of this Defendant, Joseph L. Farah dba Farah's, at the municipal address of 14305 South Padre Island Drive in the City of Corpus Christi, Texas as alleged on the following good and sufficient basis:

It has been verified as set forth by the affidavit attached hereto as Exhibit "A" and incorporated herein by reference as if set forth verbatim being the Affidavit of Joseph L. Farah, and contact with the City Attorney's Office has verified, that the only coaxial cable television network franchised to operate in the city limits of the City of Corpus Christi, Nueces County, Texas by City Ordinance is TCI Cablevision of Texas, Inc., which is located at 4060 South Padre Island Drive, P.O. Box 60150, Corpus Christi, Texas 78466-0150. Further, by Affidavit of Joseph L. Farah, Joseph L. Farah further swears that at no time since the construction of

4

his building in 1992 has he ever had a satellite dish on said premises nor did he have, what was then known as Omni Vision, now known as Heartland Wireless Communications. Further, see Affidavit of Randy Grimes, General Manager of TCI Cablevision of Texas, Inc., attached hereto as Exhibit "B" and incorporated herein by reference as if set forth verbatim which confirms that not only did Farah's not have TCI Cablevision coaxial television network until December 7, 1995, some period of time in excess of three (3) years from the date alleged in Plaintiff's petition, but such coaxial cable television networking was not even available until December 7, 1995, the date in which cable was specifically extended to the physical premises of 14305 South Padre Island Drive in the City of Corpus Christi, Nueces County, Texas for the purpose of establishing cable at Farah's, therefore, there exists an impossibility on this Defendant's part to have committed such violation as alleged in Plaintiff's pleadings. Further, find attached hereto as Exhibit "C" incorporated herein by reference as if set forth verbatim, Affidavit of Brian Hays. Brian Hays, states, as both a fact witness and as an expert witness for which he is now designated and tendered, that he is currently employed by Heartland Wireless Communications formerly known as Omni Vision of Corpus Christi, Texas. He has been so employed since June of 1996. He has fifteen (15) years experience in the wireless and cable television industry. He is currently employed as a Chief Technician of Heartland Wireless Communications. He maintains three (3) "MMDS" or multi-point multi-pack distribution systems for

5

Heartland Wireless Communications of Corpus Christi, Texas, George West, and Kingsville, Texas, all doing business as Heartland Wireless Communications. As the Chief Technician with fifteen (15) years experience, he is familiar with this industry and the requirements for showing such things as pay-per-view fights. He is also a regular customer at Farah's located at 14305 South Padre Island Drive, Corpus Christi, Nueces County, Texas. He has been a customer there since they opened in mid-1992. He was specifically a customer there during both 1992 and 1993, and he states of his own personal knowledge that he has never seen a satellite dish on the premises at any time whatsoever. He has reviewed the documentation and records indicating at no such time was TCI Cablevision of Texas, Inc., available to 14305 South Padre Island Drive, Corpus Christi, Nueces County, Texas until December 7, 1995, a period of over two years after dates aforementioned. At no time has he ever seen or observed pay-per-view programming at Farah's. He further states that Farah's does have some television sets; however, he has never seen any such broadcasts as alleged in Plaintiff's pleadings. He further states, in his professional opinion, that without a proper vehicle such as TCI Cablevision of Texas, Inc., a satellite dish, or Heartland Wireless Communications, formerly known as Omni Vision, and a converter box, it is not possible to have shown a pay-per-view fight. He states under oath as an expert witness, that an entity or an individual must have a proper vehicle to capture the television signal from the airway in addition to a converter box to de-scramble the

6

encrypted signal, and that merely having a converter box attached to a normal television antenna or "rabbit ears" would not receive the signal or allow the recipient thereof to broadcast on the television set or monitor such pay-per-view fights. He further states that since Farah's, the Defendant in this case at their location as alleged, did not have a satellite dish, Omni wireless communication reception equipment, or TCI Cablevision of Texas, Inc. equipment on or about November 6, 1993 or November 13, 1992, it would not have been possible to have to exhibited this alleged pay-per-view fight as alleged in a certain compliant that he had been shown in Case No. C-97-493, styled *Joe Hand Promotions vs Sonny Torres, et al, in the United States District Court, Southern District of Texas, Corpus Christi Division.* He further states that he has reviewed the records of Omni Vision, Subscriber No.:01-01-0584831-2 for Farah's attached to his affidavit, Exhibits "A", "B", and "C", and states that Omni Vision services were installed at Farah's at 14305 South Padre Island Drive, Corpus Christi, Nueces County, Texas, on the date of November 6, 1993, the date alleged by way of evidence tendered by Plaintiff's affidavit. Therefore, the Affidavit of Brian Hays states, both factually and as an expert witness, that the fight was not shown nor could it have been shown at this location on such dates. Further, find attached to the Affidavit of Brian Hays as Exhibit "A", "B" and "C", being invoices dated 1/23/93, Invoice #470013 and Invoice #067432 dated 4/22/94, as well as Omni Vision Agreement Work Order #01-01-0584832-2, which shows that no Omni Vision service was installed and operational, or even a converter

7

box located at 14305 South Padre Island Drive, Corpus Christi, Nueces County, Texas on or about November 6, 1993.

Find attached hereto as Exhibit "D" incorporated herein by reference as if set forth verbatim, is Affidavit of Ana Freeman. Ana Freeman was an employee on the dates alleged in November of 1993 being the dates alleged by way of affidavit voluntarily disclosed by Plaintiffs of the statement of Donald Shawver. She describes herself, and further states that she was working at Farah's as an employee and specifically remembers that Farah's did not show any pay-per-view fights during the entire time she was an employee there. She states the reason for remembering this was because numerous people called and asked and she would answer the telephone and advise them that Farah's was not showing any pay-per-view fights. She further denies being anyone close to the physical description of anyone described by Donald Shawver, attached to Affidavit of Ana Freeman as Exhibit "A-1" incorporated therein by reference as if set forth verbatim.

Find attached hereto as Exhibit "E" incorporated herein by reference as if set forth verbatim, is Affidavit of Christopher W. Wisham. In this affidavit he states that he is a neighbor of this Defendant's location and very familiar with the premises of 14305 South Padre Island Drive, Corpus Christi, Nueces County, Texas. He has been familiar with this property since on or about November 1, 1992. He is familiar with it because he is the manager of the Anchor Resort next door to Farah's. Further, he is the owner of Condo #221 and has lived at Anchor Resort for six (6) years prior

8

to the date of execution of his affidavit, and he states of his own personal knowledge that at no time has he ever seen a satellite dish of any kind whatsoever at said premises.

Further, find attached hereto as Exhibit "F" incorporated herein by reference as if set forth verbatim, is affidavit of D. Wiley Mayden. Mr. Mayden further states that he is and has been familiar with the premises of 14305 South Padre Island Drive in the City of Corpus Christi, Nueces County, Texas since the day it was built and that he built the Anchor Resort Condominium next door at 14300 South Padre Island Drive, Corpus Christi, Texas in 1975 and lived on that property since that date. He states of his own personal knowledge that he has never at any time observed a satellite dish on the premises known as 14305 South Padre Island Drive, Corpus Christi, Nueces County, Texas.

Find attached hereto as Exhibit "G" incorporated herein by reference as if set forth verbatim, is affidavit of Alan L. Yaffe, Attorney at Law for Defendant, Joseph L. Farah dba Farah's in the above entitled and numbered cause. Said affidavit states that as the attorney of record for Joseph L. Farah, that on January 9, 1998, as shown by copy of U.S. Postal Form 3800, Article P 353 368 986, that Defendant, Joseph L. Farah, Individually, and dba Farah's, deposited in the United States Mail, certified mail, return receipt requested, this Defendant's First Set of Interrogatories and Request for Production and Request for Admissions to Plaintiff. According to said affidavit attached to it as an exhibit, is U.S. Postal Form 3811, Article #P 353 368 986,

9

received by Sarnie A. Randle, Jr.'s, office on 1/13/98 as evidenced by such form.  Said affidavit of Alan L. Yaffe further shows that as of date of execution of his affidavit being on or about March 2, 1998 that no responses to Request for Admissions, Interrogatories, or Request for Production have been tendered or provided.   No request for extension of time, no motion for extension of time, nor objections of any nature have been filed.   Your Defendant would show unto the Court that by virtue of such failure to respond, admit, or produce, that Plaintiff has been deemed admitted to this Defendant's Request for Admissions No. (1) through (8).   This Defendant's Request for Admissions being deemed admitted No. (1) through (8), effectively  prevents this Plaintiff from proceeding to trial on this case and deems admitted all necessary elements for the absolute defense of Plaintiff's cause of action in the above entitled and numbered cause.

WHEREFORE, PREMISES CONSIDERED, this Defendant requests the Court to grant this Motion for Summary Judgement, and summarily enter a Judgment that Plaintiff take nothing by and from this Defendant, and that this Defendant be discharged from these proceedings, with costs, attorney's fees, all other relief to which they may be entitled pursuant to this Defendant's Motion for Sanctions pursuant to Federal Rules of Civil Procedure, Rule 11, and that a final Judgment be entered accordingly in favor of this Defendant, and against Plaintiff, Joe Hand Promotions.

Respectfully submitted,

10

Alan L. Yaffe
ATTORNEY IN CHARGE FOR DEFENDANTS,
JOSEPH L. FARAH, INDIVIDUALLY AND
DBA FARAH'S
FBN# 1170
SBN# 22115800
618 South Staples
Mailing address:
P.O. Box 3067
Corpus Christi, TX 78463-3067
Tel: (512) 882-3361
Fax: (512) 882-6617

## CERTIFICATE OF CONSULTATION PURSUANT TO
## FEDERAL RULE 37(a)(2)(A)

I, Alan L. Yaffe, hereby certify that I have consulted with all counsel of record in the above entitled and numbered cause on the following dates and times as set forth herein:

Robert Thorpe, on March 3, 1998 at 4:40 p.m., unopposed; Gregory Herrman, spoke with his associate attorney, Scott Staha, March 3, 1998, 4:50 p.m., unopposed; Bryan Powers, 5:00 p.m, on March 3, 1998, unopposed; Ruben Hernandez at the Law Offices of Sarnie A. Randle at 5::03 p.m., March 3, 1998, opposed.

Alan L. Yaffe

## CERTIFICATE OF SERVICE

I, Alan L. Yaffe, hereby certify that a true and correct copy of the above and foregoing Answer has been forwarded via the United States Mail, postage prepaid, certified mail, return receipt requested to the following on this the 4th day of March, 1997:

**CMRRR# P 356 247 983**
Sarnie A. Randle, Jr.
Texas Commerce Bank Bldg.
5177 Richmond, Ste. 635
Houston, Texas 77056
Attorney for Plaintiffs

11

**CMRRR# P 356 247 982**
Ernest G. Valdez
1616 Broadway
San Antonio, Texas 78215
Attorney for Robert Perez and
Dominga R. Guajardo

**CMRRR# P 356 247 976**
Gregory H. Herrman
HERRMAN & HERRMAN
South Tower
800 N. Shoreline Blvd., Ste. 1200
Corpus Christi, Texas 78401
Attorney for Luis Longoria

**CMRRR# P 356 247 977**
John K. George
5005 Riverway, Ste.320
Houston, Texas 77056
Attorney for Aida Esperanza Ventura

**CMRRR# P 356 247 978**
Ralph Martinez
MARTINEZ & MARTINEZ
Texas Commerce Bank-Gulfgate
2900 Woodridge, Ste.306
Houston, Texas 77087
Attorney for Javier Villareal

_____
Alan L. Yaffe

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, | § | |
| PLAINTIFF | § | |
| | § | |
| VS | § | CIVIL ACTION NO. **C-97-493** |
| | § | |
| SONNY TORRES, INDIVIDUALLY, AND | § | |
| ANITA TORRES INDIVIDUALLY AND DBA | § | |
| LAS CHACAS; ESMERALDA SAUCEDO | § | |
| DODSON, INDIVIDUALLY AND DBA CATS | § | |
| NITE CLUB; ROBERT DALTON, | § | |
| INDIVIDUALLY AND DBA DALTON'S | § | |
| HIDEOUT BAR; MIZSU, INC., MARGARET | § | |
| SUE WEBB, INDIVIDUALLY AND DBA | § | |
| CRAWDADDY'S; LUIS LONGORIA, JR., | § | |
| INDIVIDUALLY AND DBA LONGORIA'S | § | |
| PLACE; JOSEPH L. FARAH, | § | |
| INDIVIDUALLY, AND DBA FARAH'S; | § | |
| DEFENDANTS | § | |

### AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| STATE OF TEXAS | § |
| COUNTY OF NUECES | § |

BEFORE ME, the undersigned notary public, on this day personally appeared, JOSEPH L. FARAH, who, after having been duly sworn, deposed and stated upon his oath as follows:

"My name is Joseph L. Farah. I am fully competent to make this affidavit and state each and every matter herein contained is of my own personal knowledge. I state upon my oath that I have fully read Plaintiff's Original Complaint filed in the above entitled and numbered cause as well as Defendants, Joseph L. Farah, Individually, and dba Farah's, First Original Answer in the above entitled and numbered cause, and state of my own personal knowledge that each and every matter stated therein is true and correct. I

1



further state of my own personal knowledge that the date of the alleged violation as set forth in paragraph (12), page (3), of Count (1) of Plaintiff's Original Complaint is November 13, 1992, the exact date of the Evander Holyfield vs Riddick Bowe boxing match.  I further state of my own personal knowledge that this cause of action or petition or complaint was filed against me on the 8th of September, 1997 by filing same with Micheal N. Milby, Clerk, of the United States District Court for the Southern District of Texas, Corpus Christi Division, as evidenced by file stamp mark contained on process served upon me.  I additionally would show unto the Court that I was not served until September 15, 1997.  Without waiving objections to proper service upon me as more fully set forth in my pleadings concerning lack of proper parties, in that "Farah's" is a corporation owned and operated by Haraf's, Inc., dba Farah's, that all of such dates of my own personal knowledge are more than four (4) years from and after the date of the alleged violation being November 13, 1992.

In addition to the above and foregoing, and pursuant to my claim of impossibility of performance or violation, I have read the above and foregoing and hereby state of my own personal knowledge that I did not in fact have TCI Cablevision until December 7, 1995. This is a period of time in excess of three (3) years from the date of the alleged violation of November 13, 1992.  As evidenced by affidavit of Randy Grimes, General Manager, TCI Cablevision of Texas, Inc., at my request and on by behalf, confirmed that TCI Cablevision was not available to me until they extended the cable

2

system specifically for the provision of cable service to me on December 7, 1995. Not only did I not have cablevision television from TCI Cablevision of Texas, Inc., until December 7, 1995, it was not available until such date as that company extended its cable service to me geographically. I further state that I have checked with the Corpus Christi City Attorney's Office, and have spoken with Lesa Aguliar, Assistant City Attorney for the City of Corpus Christi who is in charge of cablevision franchising ordinances. She has confirmed that TCI Cablevision of Texas, Inc., is the only coaxial cable television operating in the City of Corpus Christi, Texas. I further state of my own personal knowledge that I am located at the municipal address of 14305 South Padre Island Drive, Corpus Christi, Texas, and that I am within the municipal limits of the City of Corpus Christi, Texas. I further state of my own personal knowledge that I had no other cable coaxial television network connected to me until December 7, 1995. Therefore, I could not have engaged in conduct as alleged in Plaintiff's Original Complaint on November 13, 1992 because I did not have coaxial cable television networking until December 7, 1995. I hereby incorporate by reference as if set forth verbatim as Exhibit "B" attached to my Motion for Summary Judgment Affidavit of Randy Grimes, General Manager, TCI Cablevision of Texas, Inc.. I further state of my own personal knowledge to be true and correct that at no time since the inception of the construction of this edifice which did not open for business until July of 1992, has there ever been a satellite dish connected to or on or about or attached to this edifice or

3

CM/PDF - www.fastio.com

building in any location whatsoever for the purpose of picking up of television signals, radio signals, or any other reason. There has never been a satellite dish on this building. There has never been television signals or broadcasts shown on these premises located at this municipal address derived from a satellite dish on this building at any time whatsoever since the opening of its doors in July of 1992. In addition to the above and foregoing, find attached to my Motion for Summary Judgment, Affidavit of Ana Freeman, who was an employee of mine on the dates alleged in Plaintiff's voluntary disclosure affidavit stating that she was employed on the dates alleged in the affidavit of Donald Shawver, and that no such pay-per-fight was shown and her reason for remembering same. Further, she does not meet the physical description given by Plaintiff's discovery response. I further state that I have read this Affidavit and state of my own personal knowledge that each and every matter stated herein is true and correct."

Joseph L. Farah, President of Haraf's, Inc., and on behalf of Defendant, Joseph L. Farah, Individually and dba Farah's

BEFORE ME, the undersigned authority, on this day personally appeared JOSEPH L. FARAH known to me or identified to me, to be the person and officer whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed it for the purpose therein expressed.

SUBSCRIBED AND SWORN before me, under my official seal of office on this the 26 day of January, 1998.

Notary Public
Commission Expires: 12/16/2000

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS,<br>PLAINTIFF | § § § | |
| VS | § § § | CIVIL ACTION NO. C-97-493 |
| SONNY TORRES, INDIVIDUALLY, AND<br>ANITA TORRES INDIVIDUALLY AND DBA<br>LAS CHACAS; ESMERALDA SAUCEDO<br>DODSON, INDIVIDUALLY AND DBA CATS<br>NITE CLUB; ROBERT DALTON,<br>INDIVIDUALLY AND DBA DALTON'S<br>HIDEOUT BAR; MIZSU, INC., MARGARET<br>SUE WEBB, INDIVIDUALLY AND DBA<br>CRAWDADDY'S; LUIS LONGORIA, JR.,<br>INDIVIDUALLY AND DBA LONGORIA'S<br>PLACE; JOSEPH L. FARAH,<br>INDIVIDUALLY, AND DBA FARAH'S;<br>DEFENDANTS | § § § § § § § § § § § § § § § | § |

### AFFIDAVIT OF RANDY GRIMES, GENERAL MANAGER TCI CABLE VISION OF TEXAS, INC.

STATE OF TEXAS          §

COUNTY OF NUECES        §

BEFORE ME, the undersigned notary public, on this day personally appeared, RANDY GRIMES, who, after having been duly sworn, deposed and stated upon his oath as follows:

"My name is Randy Grimes. I am the General Manger of TCI Cablevision of Texas, Inc.. My primary business office is at 4060 South Padre Island Drive, P.O. Box 60150, Corpus Christi, Texas 78466-0150. I have been requested to research the records of TCI Cablevision of Texas, Inc., concerning a business establishment located at 14305 South Padre Island Drive, Corpus Christi, Texas known by the name of "Farah's". I hereby state of my own personal

1



Case 2:97-cv-00493 Document 40 Filed in TXSD on 03/04/98 Page 18 of 52

knowledge that subsequent to reviewing such records and reviewing the billing records, "Farah's" became an active TCI Cablevision subscriber on December 7, 1995. I further state that cable television service at 14305 South Padre Island Drive was not available until TCI Cablevision of Texas, Inc., built an extension to the cable system specifically for the provision of cable service to "Farah's" located at 14305 South Padre Island Drive, Corpus Christi, Texas. Therefore, no TCI Cablevision of Texas, Inc., was physically available to "Farah's" at 14305 South Padre Island Drive, Corpus Christi, Texas prior to December 7, 1995. I have read this affidavit and state of my own personal knowledge that each and every matter stated herein is true and correct."

RANDY GRIMES, Affiant

BEFORE ME, the undersigned authority, on this day personally appeared RANDY GRIMES, known to me or identified to me, to be the person and officer whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed it for the purpose therein expressed.

SUBSCRIBED AND SWORN to before me, under my official seal of office on this the 25 day of February , 1998.

Notary Public

CAWTROK
MMISSION EXPIRES
29, 1999

**2**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| JOE HAND PROMOTIONS,<br>    PLAINTIFF | § | |
| | § | |
| | § | |
| VS | § | CIVIL ACTION NO. **C-97-493** |
| | § | |
| SONNY TORRES, INDIVIDUALLY, AND | § | |
| ANITA TORRES INDIVIDUALLY AND DBA | § | |
| LAS CHACAS; ESMERALDA SAUCEDO | § | |
| DODSON, INDIVIDUALLY AND DBA CATS | § | |
| NITE CLUB; ROBERT DALTON, | § | |
| INDIVIDUALLY AND DBA DALTON'S | § | |
| HIDEOUT BAR; MIZSU, INC., MARGARET | | § |
| SUE WEBB, INDIVIDUALLY AND DBA | § | |
| CRAWDADDY'S; LUIS LONGORIA, JR., | § | |
| INDIVIDUALLY AND DBA LONGORIA'S | § | |
| PLACE; JOSEPH L. FARAH, | § | |
| INDIVIDUALLY, AND DBA FARAH'S; | § | |
|     DEFENDANTS | § | |

## AFFIDAVIT OF BRIAN HAYS

STATE OF TEXAS        §

COUNTY OF NUECES       §

BEFORE ME, the undersigned notary public, on this day personally appeared, BRIAN HAYS, who, after having been duly sworn, deposed and stated upon his oath as follows:

"My name is Brian Hays. I am thirty-six (36) years of age. I reside at 841 Quetzal, Apartment #2, Corpus Christi, Texas 78418. My home telephone number (512) 937-4431. I am currently employed by Heartland Cable TV, formerly known as Omni Vision of Corpus Christi. I have been so employed since June of 1996. I have approximately fifteen (15) years experience in the wireless and cable television industry. I am currently employed as the Chief

1



ORIGINAL

Technician of Heartland Cable TV.   I maintain three (3) "MMDS" or
Multi-point Multi-path Distribution Systems, for Heartland Cable TV
in Corpus Christi, Texas, George West, Texas, and Kingsville,
Texas, all doing business as Heartland Cable TV.   As the Chief
Technician with fifteen (15) years experience in the wireless
communication and coaxial cable television, I am very familiar with
this industry and the requirements for showing such things as "pay-
per-view" fights.   I am also a regular customer of Farah's located
at 14305 South Padre Island Drive, Corpus Christi, Nueces County,
Texas.   I have been a customer there since they opened in mid-1992.
I was specifically a customer there during the fall of both 1992
and 1993.   I state of my own personal knowledge that I have never
seen a satellite dish on these premises at any time whatsoever.   I
have reviewed documentation and records indicating that at no such
time was TCI Cablevision of Texas, Inc., available to 14305 South
Padre Island Drive in the City of Corpus Christi, Nueces County,
Texas until December 7, 1995, a period of over two years after the
dates aforementioned.   At no time have I ever seen or observed
"pay-per-view" programming at Farah's.   Farah's does have some
television sets; however, I have never seen any show broadcasted
other than normal over-the-air free broadcast television or
commercial Omni Vision prior to December 7, 1995 when they obtained
TCI Cablevision.   As an expert in the wireless communication
industry,  being the Chief Technician of Heartland Cable TV, I
state in my professional opinion that without a proper vehicle,
such as TCI Cablevision of Texas, Inc., a satellite dish, Omni

**2**

Vision, and a converter box, it is not possible to have shown a "pay-per-view" fight, period. That is, an entity or individual must have a proper vehicle to capture the television signal from the airways in addition to a converter box; that is, merely having a converter box attached to a normal television antenna or rabbit ears would not receive this signal or allow the recipient thereof to broadcast on a television set or monitor. Therefore, since Farah's at 14305 South Padre Island Drive, Corpus Christi, Nueces County, Texas, did not have a satellite dish, Omni wireless communication reception equipment, or TCI Cablevision of Texas, Inc., equipment on or about November 6, 1993, it would not have been possible to have exhibited this alleged "pay-per-view" fight as alleged in a certain complaint I have been shown in Case No.: C-97-493, styled *Joe Hand Promotions, Plaintiff, vs Sonny Torres, Individually, and Anita Torres, Individually and dba Las Chacas; Esmeralda Saucedo Dodson, Individually, and dba Cats Nite Club; Robert Dalton, Individually and dba Dalton's Hideout Bar; Mizsu, Inc., Margaret Sue Webb, Individually, and dba Crawdaddy's; Luis Longoria, Jr., Individually, and dba Longoria's Place; Joseph L. Farah, Individually, and dba Farah's, Defendants, in the United States District Court, Southern District of Texas, Corpus Christi Division* on November 6, 1993. I have additionally reviewed the records of Omni Vision, Subscriber No. 01-01-0584831-2 for Farah's Bar attached hereto as Exhibits "A", "B", and "C" , being two separate service invoices dated 1/23/93, Invoice #470013, and Invoice 0674342 dated 4/22/94, as well as Omni Vision Agreement/Work Order #01-01-0584832-2, page one of one, and verify that these are genuine Omni Vision documents and records reflecting that no Omni Vision service was installed and

3

operational, or even a converter box, located at 14305 South Padre Island Drive, Corpus Christi, Nueces County, Texas on or about November 6, 1993.  I further have personal knowledge that no TCI Cablevision of Texas, Inc., was installed there until December of 1995, and that no satellite dish was ever installed at 14305 South Padre Island Drive, Corpus Christi, Nueces County, Texas; therefore, in my professional opinion, and factually, state that it is impossible for this location to have had a television set on November 6, 1993 which displayed or broadcasted any such "pay-per-view" fight as alleged in the aforementioned complaint in United States District Court, Southern District of Texas, Corpus Christi Division, under Case #C-97-493.  I have read this entire affidavit and state of my own personal knowledge, and in my professional opinion, that each and every matter stated herein is true and correct.  Further Affiant sayeth not."

BRIAN HAYS, Affiant

BEFORE ME, the undersigned authority, on this day personally appeared BRIAN HAYS, known to me or identified to me, to be the person and officer whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed it for the purpose therein expressed.

SUBSCRIBED AND SWORN to before me, under my official seal of office on this the _9th_ day of _February_, 1998.

Notary Public
LuAnn Whitehead
12-16-2000

4

# OMNIVISION • AGREEMENT/WORK ORDER

# OmniVision

5541 Bear Lane, Suite 100
Corpus Christi, TX 78405
Customer Service: 512 • 289-0000
Repair: 512 • 289-0188

## DO NOT MAKE PAYMENT OR SURRENDER EQUIPMENT WITHOUT A COPY OF THIS WORKORDER.

01-01-0584831-2          CORPUS CHRISTI

FARAH'S BAR
14305 SPID ST
CORPUS CHRISTI, TX    78418

HOME  512-939-9534 BUS 512-949-0120     BILL TO

SRVC AREA  0001  NEWBUILD  00000    MGNT AREA  000  VIP CODE

SEQUENCE #-00060
INSTALLER #517
SALESMAN - 041

| C.O.D. DUE | SCHEDULED DATE TIME | PRIOR REFERENCE # | APPLICATION DATE # | WORK DATE | WORK UNITS | WORK ORDER # | DATE |
|---|---|---|---|---|---|---|---|
| 66.55 | 04/07  AM | 03/11/93 193043 | 04/05/94 | 0 | 081469 | 04/07/94 |

Description of Equipment

AMP# -  A18721,24  CBL STA-H   POLE-5        SIG 1- 023/022  SIG 4-  /
CASCD-000 PWR-000   CBL TYPE-1                SIG 2-  /       SIG 5-  /
HEADE-000 MAP-      BLD TYP-    TAG-24        SIG 3-  /       GRD IN  OUT
CMPLX-0    DEMOG-           PICK UP EQUIP ONLY   REASON-RELOCATE W/IN SYSTEM

| ITEM | OLD | IN | OUT | NEW NET | SER-VICE | INS-TALL | DEPOSITS | COMPANY EQUIPMENT |
|---|---|---|---|---|---|---|---|---|
| BASC | 1 | 1 | | 1 | 6.95 | | | |
| CONV | 1 | 1 | | 1 | | No | | |
| CBSC | 1 | 1 | | 1 | 9.65 | | | |
| RECN | | | | | | 44.95 | | |
| CUST | | | | | | 49.95 | | |

CONV #'S  02104229546

# 172

ANTENNA SIZE  2402

MAST HEIGHT  2½  woll mant

GUY WIRE SETS  _____  LOW  HIGH

INDIVIDUAL TOTALS      16.60      64.90

DC SIGNAL LEVELS  +21

TOTAL CHARGES              81.50
S/C ADJUSTMENT            14.95
PROMOTION DISC.           .00
TAXES
TOTAL                     66.55

TV SIGNAL LEVELS  +16

COMPLETION CODES

SPECIAL: COD DUE 67.84
         COMMERCIAL ACCT!-CONTACT - JOE FARAH
DIRECT:

## SUBSCRIPTION AND RENTAL AGREEMENT

The undersigned ("Subscriber") and OMNIVISION ("OMNI") hereby enter this subscription and on the terms & conditions set forth on the reverse side hereof.

Subscriber grants OMNI employees the right to enter the premises at the service address at all reasonable times to install, service, inspect & remove the equipment.

Each subscriber is directed to carefully review the terms & conditions on the reverse side hereof.

| | RRR | | W | | W |
|---|---|---|---|---|---|
| | R | R | W | WW | W |
| | RRR | R | W | WW W | W |
| | R | R | W | W | W |

000
0    0
0    0
000

SUBSCRIBER SIGNATURE _____  DATE _____

TYPE OF PAYMENT:
☐ CASH ☐ MONEY ORDER ☑ CHECK #  1732

AMT. RECD.  67

AUTHORIZED SIGNATURE _____  DATE _____
                            -517

SPECIAL SERVICES:
☐ GROUND MOUNT      ☐ BUSINESS RATES
☐ INTERIOR WALL FISH   ☐ CUSTOM INSTALL
☐ COMMERCIAL RATES   ☐ OTHER _____

PAGE  1  OF  1

"A"

6620  012874

OMNIVISION

## SERVICE INVOICE

| 01-01-0584831-2 | FARAH'S BAR | 4/22/94 | 0674342 |
|---|---|---|---|
| SUBSCRIBER NUMBER | SUBSCRIBER NAME | INVOICE DATE | INVOICE NO. |

RECEIPTS FROM YOU THROUGH INVOICE DATE HAVE BEEN CREDITED.

| DATE | REFERENCE NO. | DESCRIPTION | AMOUNT | BALANCE |
|---|---|---|---|---|
| | | OMNIVISION ... MOST VALUED CUSTOMER, WITH ... ABLE SERVICE IN THE COASTAL BEND. PAYMENTS RECEIVED AFTER THE 10TH OF THE MONTH WILL BE ASSESSED A $5.00 LATE CHARGE. | | |
| 03/23/93 | | BALANCE FORWARD | | 250.00 |
| 04/02/93 | RETN | CONVERTER RETURNED CREDIT | 250.00CR | .00 |
| 04/07/94 | 081469 | INSTALLATION CHARGE | 64.90 | 64.90 |
| 04/07/94 | 081469 | SALES TAX | .98 | 65.88 |
| 04/07/94 | | PRORATE SERVICE DAYS | | |
| | 23 DAYS | FROM 04/07 THRU 04/29 | 12.73 | 78.61 |
| 04/07/94 | 100 | PROMOTIONAL DISCOUNT | 14.95CR | 63.66 |
| 04/08/94 | WCC | PAYMENT - THANK YOU | 67.84CR | 4.18CR |
| | | CHARGES- FROM 05/01 TO 05/31 | | |
| 05/01/94 | 053194 | MONTHLY SERVICE | 16.60 | 12.42 |
| 05/01/94 | 053194 | SALES TAX | 1.29 | 13.71 |

"B"

| DUE DATE | PRIOR BALANCE | CHARGES | CREDITS | PAY THIS AMOUNT |
|---|---|---|---|---|
| UPON RECEIPT | 250.00 | 96.50 | 332.79CR | 13.71 |

REPAIR DEPT. 289-0188   (MON-FRI 8AM - 7PM & SAT 8AM - 5PM)
CUSTOMER SERVICE 289-0000   (MON-FRI 8AM - 6PM & SAT 9AM-1PM)

## SERVICE INVOICE

| ...ARAH'S BAR | 1/23/93 | 0470013 |
|---|---|---|
| SUBSCRIBER NAME | INVOICE DATE | INVOICE NO. |

RECEIPTS FROM YOU THROUGH INVOICE DATE HAVE BEEN CREDITED.

| | | DESCRIPTION | AMOUNT | BALANCE |
|---|---|---|---|---|
| | | ...ON IS... ...R, WITH TH... ...ASTAL BEND. ...AYMENT IS MADE AFTER THE 10TH OF THE MONTH - ADD $5.00 ...THE TOTAL AMOUNT DUE... VALUED ...ICE IN | | |
| ...92 | | BALANCE FORWARD | | 27.89 |
| 01/93 | 013193 | MONTHLY SERVICE | 17.89 | 45.78 |
| 01/12/93 | A030 | LATE CHARGE | 5.00 | 50.78 |
| 01/15/93 | MAIL | PAYMENT - THANK YOU | 45.78CR | 5.00 |
| | | CHARGES- FROM 02/01 TO 02/28 | | |
| 02/01/93 | 022893 | MONTHLY SERVICE | 16.60 | 21.60 |
| 02/01/93 | 022893 | SALES TAX | 1.29 | 22.89 |

"C"

| DUE DATE | PRIOR BALANCE | CHARGES | CREDITS | PAY THIS AMOUNT |
|---|---|---|---|---|
| 2/10/93 | 27.89 | 40.78 | 45.78CR | 22.89 |

REPAIR DEPT. 289-0188   (MON-FRI 8AM - 7PM & SAT 8AM - 5PM)
CUSTOMER SERVICE 289-0000   (MON-FRI 8AM - 7PM & SAT 9AM-5PM)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

JOE HAND PROMOTIONS,  §
            PLAINTIFF  §
   §
VS  §
   §     CIVIL ACTION NO. <u>C-97-493</u>
SONNY TORRES, INDIVIDUALLY, AND  §
ANITA TORRES INDIVIDUALLY AND DBA  §
LAS CHACAS; ESMERALDA SAUCEDO  §
DODSON, INDIVIDUALLY AND DBA CATS  §
NITE CLUB; ROBERT DALTON,  §
INDIVIDUALLY AND DBA DALTON'S  §
HIDEOUT BAR; MIZSU, INC., MARGARET  §
SUE WEBB, INDIVIDUALLY AND DBA  §
CRAWDADDY'S; LUIS LONGORIA, JR.,  §
INDIVIDUALLY AND DBA LONGORIA'S  §
PLACE; JOSEPH L. FARAH,  §
INDIVIDUALLY, AND DBA FARAH'S;  §
            DEFENDANTS  §

## AFFIDAVIT OF ANA FREEMAN

STATE OF TEXAS  §

COUNTY OF NUECES  §

    BEFORE ME, the undersigned notary public, on this day personally appeared, ANA FREEMAN, who, after having been duly sworn, deposed and stated upon her oath as follows:

    "My name is Ana Freeman. I am thirty-two (32) years of age and my mailing address is 14225 South Padre Island Drive, Suite A-321, Corpus Christi, Texas 78418. My home telephone number is (512) 949-7256. I have been a licensed registered nurse in the State of Texas since May of 1997. I am 5'10" tall. In November, 1993, I weighed between one-hundred-twenty pounds (120 lbs) and

1



one-hundred-twenty-five pounds (125 lbs). I have light brown hair. I have no mole on my right cheek, nor have I ever had one removed. In November of 1993, I was an employee of Farah's on Thursday, Friday and Saturday nights. I specifically remember that Farah's did not show any "pay-per-view" fights while I was there. I specifically remember that we did not show "pay-per-view" fights because numerous people called and asked and I would answer the bar telephone and advise them, no, we were not showing any pay-per-view fights. I have reviewed an affidavit of Donald Shawver which purports to be an affidavit concerning Farah's located at 14305 South Padre Island Drive, Corpus Christi, Texas concerning November 6, 1993. I further state that I do not recall an anglo female waitress described as 5'2", (110) pounds, with shoulder length brown hair, and a mole in the center of her right cheek working there. A true and correct copy of this affidavit is attached hereto as Exhibit "A" and incorporated herein by reference as if set forth verbatim. I further state that there were two (2) televisions, on shelves high up and at distal ends of the walls facing east and south. I am employee "S2" "Ana" who is listed on the TABC report for November 6, 1993 for Farah's at 14305 South Padre Island Drive, Corpus Christi, Nueces County, Texas. Neither Susan (S1) nor I meet the description set forth in the Affidavit of Donald Shawver whose affidavit describes a waitress waiting on him being 5'2", (110) pounds, with shoulder length hair with a mole in the center of her right cheek. I have read this affidavit and state of my own personal knowledge that each and every matter

**2**

stated herein is true and correct."

_Ana Freeman_
ANA FREEMAN, Affiant

BEFORE ME, the undersigned authority, on this day personally
appeared ANA FREEMAN, known to me or identified to me, to be the
person and officer whose name is subscribed to the foregoing
instrument, and acknowledged to me that she executed it for the
purpose therein expressed.

SUBSCRIBED AND SWORN to before me, under my official seal of
office on this the 4th day of February 1998.

_Luana Whitehead_
Notary Public

3

4834-1

STATE OF TEXAS:        S
                       S
COUNTY OF NUECES:      S

## AFFIDAVIT

I, the undersigned being duly sworn and according to law depose and
say that on November 6, 1993 at 9:00 PM. I entered FARAH'S, located
at 14305 South Padre Island Drive, Corpus Christi, Texas.

I paid no cover charge to enter this establishment.

I ordered one drink from an Anglo female waitress described as
5'2, 110lbs with shoulder length brown hair and a mole in the
center of her right cheek.

There were two small television sets mounted on the entry way wall.
No converter boxes were seen. There are three pool tables in this
bar which is located in an upper income area of Corpus Christi.

I observed the action up to the tenth round knockout/stop in the
Gonzalez/Snipes fight. A rather lopsided match in which Gonzalez
pummelled his opponent.

The capacity of the bar is approximately 75 people and I counted 50
when I first arrived and noted no one leaving while I was present.

The attitude of the patrons seemed to be rather indifferent toward
the fight.

I left the bar at 9:20 PM and observed the following license plates
in the parking lot or adjacent street: 233VHA, 013RVJ, LMLSON,
4233UG, AH7670.

SIGNED: 11/10/93

DONALD SHANVER
PO BOX 1592
CORPUS CHRISTI, TEXAS 78408
512-991-5055

Kelly J. Wutka
Notary Public

KELLY J. WUTKA
Notary Public
STATE OF TEXAS
My Comm. Exp. Aug. 31, 1996

DEFENDANT'S
EXHIBIT
A-1

**STATE OF TEXAS** §

**COUNTY OF NUECES** §

## AFFIDAVIT OF WITNESS

BEFORE ME, the undersigned notary public, on this day personally appeared, _____, who, after having been duly sworn, deposed and stated upon his/her oath as follows:

"My name is *Christopher W Wisham*. I am _38_ years of age. My home address is _14300 SPID #221_ in the City of _CC_, Texas _TX_. I am of sound mind and fully capable of making this Affidavit. I state each and every matter contained herein of my own personal knowledge is true and correct under oath. I have been told this Affidavit is for purposes of the defense of Joe Farah in Civil Action C-97-493 in the United States District Court, Southern District of Texas, Corpus Christi Division, in a lawsuit styled *Joe Hand Promotion vs Sonny Torres, et al.* I am familiar with Joe Farah's premises which I understand to be operated by a corporation called "Haraf's, Inc., at the municipal address of 14305 South Padre Island Drive in the City of Corpus Christi, Nueces County, Texas. I have been familiar with this property since on or about the _1_ day of _Nov_, 199_2_ I am familiar with this property because _I am the Manager at Anchor Resort Next to Farah's Owner own 221ᵗʰ and Have lived at Anchor Resort for 5 years_ I state of my own personal knowledge that at no time in the preceding period of time above referenced concerning the property

1



of Haraf's, Inc., known as "Farah's" at the above referenced municipal address, have I ever seen a satellite dish of any kind whatsoever. I am familiar with the appearance of a satellite dish. I am familiar with the appearance of the above referenced property, and I know that I have never seen any such satellite dish on or about said premises at any time whatsoever. I have read this Affidavit, and state of my own personal knowledge, under oath, that each and every matter contained herein is true and correct."

_____, Affiant

BEFORE ME, the undersigned authority, on this day personally appeared _Christopher W. Wisham_, known to me or identified to me, to be the person and officer whose name is subscribed to the foregoing instrument, and acknowledged to me that she/he executed it for the purpose therein expressed.

SUBSCRIBED AND SWORN to before me, under my official seal of office on this the _13_ day of _November_, 1997.


MARY ROSE MAYDON
Notary Public, State of Texas
My Commission Expires
AUG. 13, 2001

_____
Notary Public

2

**STATE OF TEXAS** §

**COUNTY OF NUECES** §

### AFFIDAVIT OF WITNESS

BEFORE ME, the undersigned notary public, on this day personally appeared, _B. Wiley Mayden_, who, after having been duly sworn, deposed and stated upon his/her oath as follows:

"My name is _B. Wiley Mayden_. I am _80_ years of age. My home address is _14300 S. Padre Island Dr._, in the City of _Corpus Christi_, Texas _78418_. I am of sound mind and fully capable of making this Affidavit. I state each and every matter contained herein of my own personal knowledge is true and correct under oath. I have been told this Affidavit is for purposes of the defense of Joe Farah in Civil Action C-97-493 in the United States District Court, Southern District of Texas, Corpus Christi Division, in a lawsuit styled _Joe Hand Promotion vs Sonny Torres, et al._ I am familiar with Joe Farah's premises which I understand to be operated by a corporation called "Haraf's, Inc.," at the municipal address of 14305 South Padre Island Drive in the City of Corpus Christi, Nueces County, Texas. I have been familiar with this property since ~~on or about~~ the _day it was built_ ~~day of~~ _____, ~~199_~~. I am familiar with this property because _I built the Anchor Resort Condominium next door at 14300 S.P.I.D. in 1975 & live on this property since_. I state of my own personal knowledge that at no time in the preceding period of time above referenced concerning the property

1



DEFENDANT'S EXHIBIT E

of Haraf's, Inc., known as "Farah's" at the above referenced municipal address, have I ever seen a satellite dish of any kind whatsoever. I am familiar with the appearance of a satellite dish. I am familiar with the appearance of the above referenced property, and I know that I have never seen any such satellite dish on or about said premises at any time whatsoever. I have read this Affidavit, and state of my own personal knowledge, under oath, that each and every matter contained herein is true and correct."

_____
, Affiant

BEFORE ME, the undersigned authority, on this day personally appeared _B. Wiley Mayden_, known to me or identified to me, to be the person and officer whose name is subscribed to the foregoing instrument, and acknowledged to me that she/he executed it for the purpose therein expressed.

SUBSCRIBED AND SWORN to before me, under my official seal of office on this the _6_ day of _November_, 1997.

_____
Notary Public

My Commission expires 8-13-2001

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, §<br>PLAINTIFF § | |
| § | |
| VS § | CIVIL ACTION NO. C-97-493 |
| § | |
| SONNY TORRES, INDIVIDUALLY, AND § | |
| ANITA TORRES INDIVIDUALLY AND DBA § | |
| LAS CHACAS; ESMERALDA SAUCEDO § | |
| DODSON, INDIVIDUALLY AND DBA CATS § | |
| NITE CLUB; ROBERT DALTON, § | |
| INDIVIDUALLY AND DBA DALTON'S § | |
| HIDEOUT BAR; MIZSU, INC., MARGARET § | |
| SUE WEBB, INDIVIDUALLY AND DBA § | |
| CRAWDADDY'S; LUIS LONGORIA, JR., § | |
| INDIVIDUALLY AND DBA LONGORIA'S § | |
| PLACE; JOSEPH L. FARAH, § | |
| INDIVIDUALLY, AND DBA FARAH'S; § | |
| DEFENDANTS § | |

## AFFIDAVIT OF ALAN L. YAFFE IN SUPPORT OF
## DEFENDANT, JOSEPH L. FARAH, INDIVIDUALLY AND DBA FARAH'S
## MOTION FOR SUMMARY JUDGEMENT

### EXHIBIT "G"

STATE OF TEXAS §

COUNTY OF NUECES §

Before me, the undersigned notary public, on this day personally appeared, ALAN L. YAFFE, Attorney of record for Joseph L. Farah, dba Farah's, who, after having been duly sworn, deposed and stated upon his oath as follows:

"My name is Alan L. Yaffe. I am the attorney of record for Joseph L. Farah, Individually, dba Farah's. I am licensed to practice law in the State of Texas and my State Bar Number is 22115800, and my Federal Bar Number is 1170. I have been practicing law for twenty-five (25) years. In the course of

1



defense of this Defendant, Joseph L. Farah, Individually, dba Farah's, I responded to Plaintiff's Request for Production and Interrogatories by certified mail, return receipt requested #P 353 368 986. In addition to that, on the 9th day of January, 1998, I, Alan L. Yaffe, as Attorney for this Defendant, deposited in the United States Mail, postage prepaid, certified mail, return receipt requested, Article #P 353 368 986, Defendants, Joseph L. Farah, Individually dba Farah's, First Set of Interrogatories and Request for Admissions to Plaintiff by serving Joe Hand Promotions, Plaintiff, by serving their attorney of record, Sarnie A. Randle, Jr., at his listed address. As evidence of same, find attached hereto and incorporated herein by reference as if set forth verbatim, true copies of said discovery above referenced as Exhibit "A" . Also find attached hereto, as Exhibit "B" is a true copy of U.S. Postal Form 3800, Article #P 353 368 986, showing deposit in the United States Mail of the Exhibit "A" attached hereto on the 9th day of January, 1998. Additionally, find attached hereto as Exhibit "C" incorporated herein by reference as if set forth verbatim, is a true and correct copy of U.S. Postal Form 3811 showing receipt by Sarnie A. Randle, Jr., at Texas Commerce Bank Building, at 5177 Richmond Suite 635, Houston, Texas 77056, U.S. Postal Form 3800, #P 353 368 986 on January 13, 1998. I further state of my own personal knowledge that as of date of execution of this affidavit attaching same to Defendant, Joseph L. Farah, Individually dba Farah's, Motion for Summary Judgement, that no response to this Defendant's Request for Interrogatories, Request

2

for Production of Documents, or Request for Admissions, have been served upon this Defendant through this attorney. Therefore, pursuant to <u>Federal Rules of Civil Procedure, Rule 36(a)</u>, thirty days having passed from and after date of receipt not counting the thirteenth day but commencing on the 14th day of January, 1998, said responses were due on the 13th day of February, 1998 being a period of thirty-one (31) days. Therefore, a time greatly in excess of thirty (30) days has elapsed since service was made upon Plaintiffs and therefore, all of said Request for Admissions (1) through (8) are deemed admitted and would, as a matter of law, prevent Plaintiff from taking any judgment against this Defendant in that all facts necessary to defeat Plaintiff's claim in their complaint have been deemed admitted in favor of this Defendant. I have read the above and foregoing affidavit and state of my own personal knowledge that each and every matter stated therein is true and correct. "

Alan L. Yaffe, Affiant

SUBSCRIBED AND SWORN to before me, under my official seal of office on this the _____ day of _____, 1998.

Notary Public, State of Texas
LuAnn Whitehead
My commission expires: 12/16/2000

3

United States District Court
Southern District of Texas
FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

JAN 09 1998

Michael N. Milby, Clerk

| | |
|---|---|
| JOE HAND PROMOTIONS,<br>    PLAINTIFF | §<br>§<br>§ |
| VS | §<br>§ |
| SONNY TORRES, INDIVIDUALLY, AND<br>ANITA TORRES INDIVIDUALLY AND DBA<br>LAS CHACAS; ESMERALDA SAUCEDO<br>DODSON, INDIVIDUALLY AND DBA CATS<br>NITE CLUB; ROBERT DALTON,<br>INDIVIDUALLY AND DBA DALTON'S<br>HIDEOUT BAR; MIZSU, INC., MARGARET<br>SUE WEBB, INDIVIDUALLY AND DBA<br>CRAWDADDY'S; LUIS LONGORIA, JR.,<br>INDIVIDUALLY AND DBA LONGORIA'S<br>PLACE; JOSEPH L. FARAH,<br>INDIVIDUALLY, AND DBA FARAH'S;<br>    DEFENDANTS | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

CIVIL ACTION NO. <u>C-97-493</u>

### DEFENDANT, JOSEPH L. FARAH, INDIVIDUALLY, AND DBA FARAH'S'
### FIRST SET OF INTERROGATORIES AND REQEUST FOR PRODUCTION,
### AND REQEUST FOR ADMISSIONS TO PLAINTIFF

TO: JOE HAND PROMOTIONS, PLAINTIFF, BY SERVING THEIR ATTORNEY OF
 RECORD, SARNIE A. RANDLE, JR., TEXAS COMMERCE BANK BUILDING,
 5177 RICHMOND, STE. 635, HOUSTON, TEXAS 77056 BY CERTIFIED
 MAIL, RETURN RECEIPT REQUESTED #P 353 368 986.

Defendant, Joseph L. Farah and dba Farah's , requests

Plaintiff, Joe Hand Promotions, to answer the following

Interrogatories in writing under oath, in accordance with Texas

Rules of Civil Procedure, Rule 166b and 168, within thirty (30)

days from the date of service hereof.

### DEFINITIONS AND INSTRUCTIONS

 a) As used herein, the terms "you" and "your" shall mean Joe

Hand Promotions, their attorneys, agents, and all other natural

persons or business or legal entities acting or purporting to act

1



FILE COPY

DEFENDANT'S
EXHIBIT
4

for or on behalf of you whether authorized to do so or not.

b) The term "documents" shall mean all writings of every kind, source, and authorship, both originals and all nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or persons, or combination thereof, if necessary to an understanding of the documents and evaluation of any claim of protection from discovery.

c) The date appearing on such documents; if no date appears thereon, the answer shall so state and give the date or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopies, photographic videotaped or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate by laws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit.

2

slip; diaries, drafts; files; guaranty agreements; instructions; invoices; ledgers, journals balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including published books, articles, or papers).

Respectfully submitted,


Alan L. Yaffe
ATTORNEY IN CHARGE FOR DEFENDANT,
JOSEPH L. FARAH INDIVIDUALLY, AND
DBA FARAH'S
SBN# 22115800
618 South Staples
Mailing address:
P.O. Box 3067
Corpus Christi, TX 78463-3067
Tel: (512) 882-3361
Fax: (512) 882-6617

3

## CERTIFICATE OF SERVICE

I, Alan L. Yaffe, hereby certify that a true and correct copy of the above and foregoing has been forwarded via the United States Mail, postage prepaid, certified mail, return receipt requested to the following on this the *27* day of *January*, 1998:

**CMRRR# P 353 368 986**
Sarnie A. Randle, Jr.
Texas Commerce Bank Bldg.
5177 Richmond, Ste. 635
Houston, Texas 77056
Attorney for Plaintiffs

**CMRRR# P 353 368 991**
Bryan Powers
3507 Manitou
Corpus Christi, Texas 78411
Attorney for Sonny Torres et al

**CMRRR# P 353 368 990**
Gregory H. Herrman
HERRMAN & HERRMAN
South Tower
800 N. Shoreline Blvd., Ste. 1200
Corpus Christi, Texas 78401
Attorney for Luis Longoria

**CMRRR #P 353 368 989**
Robert D. Thorpe, P.C.
500 North Water Street
Corpus Christi, Texas 78471

_____
Alan L. Yaffe

## INTERROGATORIES

INTERROGATORY NO. (1)
Please state the full name, address and telephone number of the person answering these interrogatories.

ANSWER:

INTERROGATORY NO. (2):
Please state the legal nature of Joe Hand Promotions, whether it be a corporation, limited liability company, limited partnership, general partnership, sole proprietorship, or any other type of legal entity defining same and disclosing all ownership thereof as well as attaching copies of ownership as relevant in this case, and to their right to file this litigation.

ANSWER:

REQUEST FOR PRODUCTION (1)
Please attach and disclose by way of response to interrogatory (2) as well as request for production of documents, all documents and evidence supporting Joe Hand Promotions claim to be entitled to file this lawsuit with copies of attached ownership rights and contractual rights.

5

**INTERROGATORY NO. (3)**
**Please disclose the name, address and telephone number of the**
**agency, entity, business entity, or individuals, or all of the**
**above, who may have an interest in this litigation, a right to**
**intervene, or whose permission was needed to file this litigation**
**by Joe Hand Promotions, or who may have a right to any of the**
**proceeds hereof, either directly or indirectly, or a potential**
**right of intervention,** including but not limited to, TCI
Cablevision of Texas, Inc., Omni Vision of Corpus Christi aka
Heartland Wireless Communications of Corpus Christi, **Law Offices of**
**Sarnie Randle, Jr., Spencer Promotions, TVKO, Time Warner**
**Entertainment,** and/or Law Offices of Alan Gelb and Neil Gelb.

**INTERROGATORY NO. (4):**
Identify every person or entity that has possession, custody or
control of documents relevant to this suit.

**ANSWER:**

6

**INTERROGATORY NO. (5)**
Identify the name, address, and telephone number of **every person**
with knowledge of relevant facts.

**INTERROGATORY NO. (6):**
Identify the name, address, telephone number and qualifications of
every expert whom you expect to testify on your behalf, and any
consulting expert whose opinions, mental impressions, or work
product was reviewed by a testifying expert.  For each person
named, provide the area in which you expect them to testify or
render an opinion, the subject matter of the expert's testimony,
the exert's mental impressions and opinions, and the facts known by
the expert that relate to or form the basis of those mental
impressions and opinions.

**ANSWER:**

7

**INTERROGATORY NO. (7):**
Please provide address the name, address and telephone number of
each investigative body or private investigator, individually, firm
name, and disclose all affidavits of such investigators that have
been used by Joe Hand Promotions for purposes of supporting
evidentiary documentation of violations of the statutes under which
this lawsuit was filed being 47 U.S.C.§553 and 47 U.S.C. §605, not
only in this instant lawsuit with all co-defendants, but all other
cases in Corpus Christi, Houston, San Antonio, or other Texas
cities and reflecting the contractual relationship with Joe Hand
Promotions and such investigators. If such is of a percentage or
hourly, please disclose and attach copies of such contractual
relations as well as evidence of payment thereof. (Defendant
believes this is relevant to show bias, motivation, and
creditability). Please consider this a Request for Production of
Documents to attach or notify when all of same may be inspected or
copied.

**ANSWER:**

**INTERROGATORY NO. (8):**
Please describe any photographs, documents, drawings, sketches,
diagrams, or any other type of demonstrative evidence, video, film,
still-photos, or audio tapes, or anything that depicts Defendant's
location or employees. Please consider this a Request for
Production of Documents to attach or notify when all of same may be
inspected or copied.

**ANSWER:**

8

**INTERROGATORY NO. (9):**
Please describe all evidence in detail that Plaintiff has to support its allegation in this lawsuit against Defendant, Joseph L. Farah, Individually, and dba Farah's at 14305 South Padre Island Drive, Corpus Christi, Texas, that this Defendant wrongfully showed a "pay-per-view" fight as alleged in Plaintiff's complaint on file herein. Please consider this a Request for Production of Documents to attach or notify when all of same may be inspected or copied.

**ANSWER:**

**INTERROGATORY NO. (10):**
Please provide the cause number, court, and style, and name, address and telephone number of Defendants and Defendants' counsel of each and every lawsuit Joe Hand Promotions has filed against business establishments alleging a violation of or a cause of action arising under 47 U.S.C §553 and 47 U.S.C. §605 that judgment went in favor of such Defendants and against Plaintiff, Joe Hand Promotions.

**ANSWER:**

9

REQUEST FOR PRODUCTION NO. (2):
Please provide copies of all such judgments listed in response to
Interrogatory (10).

RESPONSE:


REQUEST FOR PRODUCTION NO. (3)
Please provide copies of every contract authorizing Joe Hand
Promotions to be entitled to recover these sums as alleged in
Plaintiff's petition and complaint on file herein, payments of
fees, copies of checks, and all other supporting documentation
entitled and authorizing Joe Hand Promotions to receive the monies
they now sue for.

RESPONSE:


REQUEST FOR PRODUCTION NO. (4):
Please provide copies of all communications sent to this Defendant,
Joseph L. Farah, Jr., and dba Farah's, concerning the basis of this
lawsuit from Alan Gelb, Neil Gelb, Spencer Productions, Joe Hand
Promotions, TVKO, and Time Warner Entertainment.

RESPONSE:

**REQUEST FOR PRODUCTION NO. (5):**
Please provide all copies of all communications from Joseph L. Farah, Jr., to Alan Gelb, Neil Gelb, Spencer Productions, Joe Hand Promotions, TVKO, and Time Warner Entertainment, and Sarnie Randle, Jr..

**RESPONSE:**

**REQEUST FOR ADMISSION (1):**
On the dates shown on Plaintiff's complaint on file herein, Defendant, Joseph L. Farah and dba Farah's, did not possess the technical capability of showing this fight.

**ADMIT OR DENY.**

**REQEUST FOR ADMISSION NO. (2):**
On the dates shown on Plaintiff's complaint on file herein, Defendant, Joseph L. Farah and dba Farah's, did not show the "program" as alleged in Plaintiff's complaint.

**ADMIT OR DENY.**

**REQUEST FOR ADMISSION NO. (3):**
Defendant, Joseph L. Farah and dba Farah's, did not have coaxial cable television until on or about December 7, 1995.

**ADMIT OR DENY.**

**REQEUST FOR ADMISSION NO. (4):**
Coaxial cable television was not available to Defendant, Joseph L.

11

Farah and dba Farah's, until December 7, 1995.

**ADMIT OR DENY.**

**REQUEST FOR ADMISSION NO. (5):**
TCI Cablevision of Texas, Inc., is the only coaxial cable
television system franchised to operate in the City of Corpus
Christi, Texas at all times relevant to Plaintiff's complaint on
file herein.

**ADMIT OR DENY.**

**REQEUST FOR ADMISSION NO. (6):**
Defendant, Joseph L. Farah, and dba Farah's, has never had a
satellite dish at his place of business at 14305 South Padre Island
Drive, Corpus Christi.

**ADMIT OR DENY.**

**REQEUST FOR ADMISSION NO. (7):**
Defendant, Joseph L. Farah, and dba Farah's, never possessed a
"black box" or any other device necessary to receive a scrambled
television "pay-per-view" signal.

**ADMIT OR DENY.**

12

**REQUEST FOR ADMISSION NO.: (8):**
Attached hereto as Exhibit "A", "B" and "C" are true and correct copies of Omni Vision aka Heartland Wireless Communications of Corpus Christi, concerning 14305 South Padre Island Drive, Corpus Christi, Texas.

ADMIT OR DENY.

_____

**BY:**_____

    SUBSCRIBED AND SWORN TO BEFORE ME the said _____
_____, on this the _____ day of _____
1998, to certify which witness my hand and seal of office.

_____
Notary Public

13

**OMNIVISION   AGREEMENT/WORK ORDER**

# OmniVision

5541 Bear Lane, Suite 100
Corpus Christi, TX 78405
Customer Service: 512 • 289-0000
Repair: 512 • 289-0188

**DO NOT MAKE PAYMENT OR SURRENDER EQUIPMENT WITHOUT A COPY OF THIS WORKORDER.**

01 01-058401J1-2          CORPUS CHRISTI

FARAH'S BAR
14305 SPID ST
CORPUS CHRISTI, TX   78418

HOME  512-939-9534  BUS 512-949-0120          BILL TO

SEQUENCE #-00060
INSTALLER #517

SRVC AREA  0001  NEWBUILD  09000  MGMT AREA  000  VIP CODE     SALESMAN - 041

Description of Equipment

| C.O.D. DUE | SCHEDULED DATE | TIME | PRIOR REFERENCE # | DATE | APPLICATION # | WORK DATE | WORK UNITS | WORK ORDER # | DATE |
|---|---|---|---|---|---|---|---|---|---|
| 66.55 | 04/07 | AM | | 03/11/93 | 193043 | 04/05/94 | 0 | 081469 | 04/07/94 |

AMP# – 418721,24  CBL STA-N  POLE-5     SIG 1- 023/022  SIG 4-      /
CABCD-000 PWR-000  CBL TYPE-1            SIG 2-      /  SIG 5-      /
HEADE-000 MAP-     BLD TYP-  TAP-24      SIG 3-      /  GRD IN   OUT
CMPLX-0   DEMOG-        PICK UP EQUIP ONLY     REASON-RELOCATE W/IN SYSTEM

| ITEM | OLD | IN | OUT | NEW NET | SER-VICE | INS-TALL | DEPOSITS | COMPANY EQUIPMENT |
|---|---|---|---|---|---|---|---|---|
| BASC | 1 | 1 | | 1 | 6.95 | | | |
| CONV | 1 | 1 | | 1 | | | | |
| CBSC | 1 | 1 | | 1 | 9.65 | | | |
| RECN | | | | | | | | |
| CUST | | | | | | | | |

NO
11.95
49.95

# 173

CONV #'S 0210422954

ANTENNA SIZE  2402

MAST HEIGHT  2½   wall mount

GUY WIRE SETS                    LOW    HIGH

DC SIGNAL LEVELS  +21

TV SIGNAL LEVELS  +16

COMPLETION CODES

INDIVIDUAL TOTALS        16.60    64.90
TOTAL CHARGES          81.50
S/C ADJUSTMENT         14.95-
PROMOTION DISC.          .00
TAXES
TOTAL            66.55

SPECIAL: COD DUE 67.84
         COMMERCIAL ACCT: CONTACT - JOE FARAH
DIRECT:

RRR     W      W       000
R  R    R      W  WW   W     O   O
RRR     R      W   W   W     O   O
R  R    R      W   W          000
R   R   RRR    W       W      000

## SUBSCRIPTION AND RENTAL AGREEMENT

The undersigned ("Subscriber") and OMNIVISION ("OMNI") hereby enter this subscription and on the terms & conditions set forth on the reverse side hereof.

Subscriber grants OMNI employees the right to enter the premises at the service address at all reasonable times to install, service, inspect & remove the equipment.

Each subscriber is directed to carefully review the terms & conditions on the reverse side hereof.

TYPE OF PAYMENT:           AMT. RECD 84
cash  money order  check  1732    67

SUBSCRIBER SIGNATURE                    AUTHORIZED SIGNATURE        DATE
                                                       517

SPECIAL SERVICES:  ☐ GROUND MOUNT  ☑ BUSINESS RATES
                   ☐ INTERIOR WALL FISH  ☐ CUSTOM INSTALL       PAGE  1  OF  1
                   ☐ COMMERCIAL RATES  ☐ OTHER

"A"

Case 2:97-cv-00493  Document 40  Filed in TXSD on 03/04/98  Page 50 of 52

6620  012874



```
6620  012874                              CE INVOICE
        OMNIVISION

  01-01-0584831-2    FARAH'S BAR              4/22/94    0674342
    SUBSCRIBER NUMBER                      INVOICE DATE  INVOICE NO

  DATE    REFERENCE                                        BALANCE

03/28/93                              250.00CR          250.00
04/02/93  RETN                                           .00
04/07/94  081469                      64.90             64.90
04/07/94  081469                       .98              65.88
04/07/94
          25 DAYS                     12.73             78.61
04/07/94  100                         14.95CR           63.66
04/08/94  HCO                         67.84CR            4.18CR
          CHARGES FROM 05/01 TO 05/31
05/01/94  053194  MONTHLY SERVICE                       12.42
05/01/94  053194  SALES TAX                             13.71

  DUE DATE        PRIOR        RECENT      CREDITS    PAY THIS AMOUNT
UPON RECEIPT     250.00        96.50      332.79CR       13.71
```

REPAIR DEPT. 289-0188    (MON-FRI 8AM – 7PM & SAT 8AM – 5PM)
CUSTOMER SERVICE 289-0000  (MON-FRI 8AM – 6PM & SAT 9AM-1PM)

"B"



```
                       SERVICE INVOICE
        ARAH'S BAR            1/28/93    0470013
                          INVOICE DATE   INVOICE NO

01/08/93  013193                      17.89
01/12/93  A030                         5.00
01/15/93  MAIL                        43.78CR
          CHARGES FROM
02/01/93  022893  MONTHLY SERVICE     16.60             21.60
02/01/93  022893  SALES TAX           1.29              22.89

  DUE DATE      PRIOR PAYMENT              PAY THIS AMOUNT
  2/10/93         27.89       40.78      43.78CR       22.89
```

REPAIR DEPT. 289-0188    (MON-FRI 8AM – 7PM & SAT 8AM – 5PM)
CUSTOMER SERVICE 289-0000  (MON-FRI 8AM – 7PM & SAT 9AM-5PM)

"C"

P 353 368 986

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail *(See reverse)*

| | |
|---|---|
| Sent to | *Larnie Randle* |
| Street & Number | |
| Post Office, State, & ZIP Code | |
| Postage | $ 2⁶ |
| Certified Fee | 1⁰ |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Address of Delivery | 1⁰ |
| TOTAL Postage & Fees | $ 4³⁶ |
| Postmark or Date | |

PS Form **3800**, Apr. 1995

Recep't Rec... Recep RFP,
Rec'sss, RFP, RFA to π
Farah

**DEFENDANT'S
EXHIBIT
B**

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *Return Receipt Requested* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address

2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

Sarnie A. Randle, Jr.
Texas Commerce Bank Bldg
5177 Richmond, Ste. 635
Houston, Texas 77056

4a. Article Number

**P 353 368 986**

4b. Service Type

☐ Registered     ☑ Certified

☐ Express Mail     ☐ Insured

☐ Return Receipt for Merchandise     ☐ COD

7. Date of Delivery  *1.13.98*

5. Received By: (Print Name)

6. Signature: (Addressee or Agent)

X

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, December 1994     102595-97-B-0179     **Domestic Return Receipt**

*Is your RETURN ADDRESS completed on the reverse side?*

*Thank you for using Return Receipt Service.*

**DEFENDANT'S EXHIBIT**